RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 13a0260p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

RSM RICHTER, INC., as Trustee for ALERIS
ALUMINUM CANADA, L.P.,

        *Plaintiff-Appellant*,

    *v.*

BEHR AMERICA, INC.,

        *Defendant-Appellee.*

No. 12-2429

Appeal from the United States District Court
for the Eastern District of Michigan at Detroit.
No. 2:09-cv-10734—Gerald E. Rosen, Chief District Judge.

Argued: June 18, 2013

Decided and Filed: September 5, 2013

Before: KEITH, CLAY, and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

_____

**ARGUED:** Sarah C. Lindsey, WARNER NORCROSS & JUDD, LLP, Southfield, Michigan, for Appellant. Kevin J. Stoops, SOMMERS SCHWARTZ, P.C., Southfield, Michigan, for Appellee. **ON BRIEF:** Sarah C. Lindsey, WARNER NORCROSS & JUDD, LLP, Southfield, Michigan, John D. Parker, BAKER & HOSTETLER LLP, Cleveland, Ohio, for Appellant. Kevin J. Stoops, SOMMERS SCHWARTZ, P.C., Southfield, Michigan, for Appellee.

_____

## OPINION

_____

KETHLEDGE, Circuit Judge. In this case the district court determined that Behr America, Inc. owes Aleris Aluminum Canada, L.P. (Aleris) $2.6 million for aluminum rolls that Behr received from Aleris but did not pay for. Behr did not pay for the aluminum because Aleris breached its requirements contract with Behr. This breach

allegedly forced Behr to incur $1.5 million in cover costs (to use the UCC term). But the district court abstained from adjudicating whether Behr was entitled to a setoff in that amount, and instead awarded Aleris a partial judgment of $1.1 million. The court did so for two reasons: first, Behr had already filed a nearly identical claim for cover costs in Michigan state court; and second, Aleris had filed for bankruptcy in Canada. We conclude that neither is a valid ground for abstention here, and reverse.

I.

RSM Richter, Inc., is the trustee in Aleris's bankruptcy proceedings in Canada. Aleris supplied aluminum to Behr pursuant to a requirements contract until a labor dispute forced Aleris to close its factory in Quebec in July 2008. After learning of the factory closure, Behr took delivery of aluminum worth approximately $2.6 million from Aleris without paying for it. Behr also scrambled to obtain aluminum from other suppliers after the closure, which Behr says increased its costs by $1.5 million beyond those prescribed by its contract with Aleris.

Behr sought to recover those costs in a lawsuit it filed in Michigan state court in July 2008. Behr named Aleris's parent company, Aleris International, Inc., as a defendant, but mistakenly did not name Aleris itself. That action was stayed in February 2009 when Aleris International filed for bankruptcy in the United States. Aleris filed for bankruptcy in Canada a month later. In June 2009, Behr amended its state-court complaint to add Aleris as a defendant. In response, Aleris's trustee in the Canadian bankruptcy, RSM, filed a notice with the state court to suspend the case pursuant to an automatic-stay provision under Canadian bankruptcy law. The state court complied and stayed that case.

Meanwhile, Aleris filed suit against Behr in federal district court in Detroit, seeking recovery of $2.6 million for the aluminum that Behr had not paid for. Behr answered the complaint, asserting numerous defenses including a setoff for its increased costs after the factory closure. Behr also asserted a counterclaim based on those same costs. Behr thereafter filed a motion to dismiss the federal case without prejudice, arguing that the court should decline to adjudicate the case—on grounds of so-called

*Colorado River* abstention—in favor of the state-court case that Behr had already filed. The district court denied that motion as to Aleris's claim against Behr, which the court said concerned different facts than those at issue in the state case. But the court held that it would abstain from adjudication of Behr's counterclaim, which the court said "was part and parcel of the stayed state-court proceedings." July 2009 Order at 11.

The district court thereafter granted summary judgment to Aleris, reasoning that Behr had not disputed its failure to pay for $2.6 million of aluminum. Behr did argue that it was entitled to a $1.5 million setoff, which was the amount of damages that Behr asserted in its counterclaim. But the district court refused to adjudicate that issue, reiterating that the counterclaim "is duplicative of the claims Behr is asserting in the state court proceedings" and that "Behr's set-off claim must await adjudication by the state court." February 2011 Order at 13, 14. The court then entered partial judgment in favor of Aleris in the amount of $1.1 million, which was the difference between the value of Aleris's claim and the value of Behr's counterclaim. A month later, the district court administratively closed the case. In May 2011, Behr satisfied the $1.1 million partial judgment.

The practical effect of these decisions, state and federal, was to give Behr full value for its untested counterclaim. The only way to diminish the value of that claim is to adjudicate it; and thus Aleris filed a motion to reopen Behr's state-court case. Behr opposed the motion, and the state court denied it. Aleris then moved to reopen the federal case, arguing that the federal court should not abstain in favor of a state case that was itself going nowhere. In an order dated September 26, 2012 (the "September 2012 Order"), the district court denied the motion.

This appeal followed.

## II.

### A.

At the outset we must decide whether we have jurisdiction to review the district court's September 2012 Order. Under 28 U.S.C. § 1291, we have jurisdiction over

appeals from "final decisions of the district courts[.]" Ordinarily, a decision is final only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). The district court's September 2012 Order did not have that effect, since it leaves Behr's counterclaim unadjudicated. But the Supreme Court has held that stay orders based upon the *Colorado River* abstention doctrine are subject to review either as final orders under § 1291 or as orders "appealable under the collateral order doctrine." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713 (1996). Under the Court's decision in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976), a federal court may, in certain limited circumstances, decline to adjudicate a claim that is already the subject of a pending state-court case. Stay orders based on *Colorado River* effectively end the litigation in federal court, "because the district court would be bound, as a matter of res judicata, to honor the state court's judgment." *Quackenbush*, 517 U.S. at 713. Thus, "abstention-based stay orders of this ilk are 'conclusive' because they are the practical equivalent of an order dismissing the case." *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983)).

Here, in its September 2012 order denying Aleris's motion to reopen, the district court reiterated its prior refusal to adjudicate Behr's counterclaim. That refusal reached back to the court's July 2009 Order, in which the court denied Behr's motion for *Colorado River* abstention as to Aleris's claim, but stated that it would "abstain from considering Behr's counter-claim because the counter-claim is part and parcel of the stayed state court proceedings. . . . [T]hese claims are better litigated in the State court action where Behr originally brought them." July 2009 Order at 10-11. It is clear enough, therefore, that the basis upon which the district court refused to adjudicate Behr's counterclaim was *Colorado River* abstention (or some "closely similar doctrine[,]" *Moses H. Cone*, 460 U.S. at 10 n. 11); and the court's September 2012 order expressly incorporated this ground by reference as a basis for denying Aleris's motion to reopen. The September 2012 Order therefore perpetuated the court's stay of the case on the basis of *Colorado River* abstention. Hence that order put the litigants "effectively out of court," *id.*, and is "the practical equivalent of an order dismissing the case."

*Quackenbush*, 517 U.S. at 713.  And that means we have jurisdiction to review the September 2012 Order.

But *Colorado River* abstention was not the only ground on which the district court refused to reopen Aleris's case.  The court also invoked abstention based on international comity (or what we refer to here as "international abstention"), stating that "for this Court to [reopen the case] would violate the spirit—if not the letter—of the Canadian court's suspension order[.]"  September 2012 Order at 3.  Whether a stay based on that ground alone is final or collateral for purposes of § 1291 is questionable at best.  *See Groeneveld Transp. Efficiency v. Eisses*, 297 F. App'x 508, 512 (6th Cir. 2008).  In this case, however, international abstention was merely an additional ground to deny Aleris's motion to reopen.  And there is no reason to think that the court's invocation of international abstention would diminish the likely res judicata effect of its reliance on the *Colorado River* doctrine.  The court's invocation of international abstention, therefore, does not make the September 2012 Order any less final or collateral for our purposes.

Finally, we have jurisdiction to review both grounds that the district court cited in its September 2012 Order.  Section 1291 gives us jurisdiction to review "final *decisions*[,]" not just final reasons or sentences in support of a particular decision.  There is but one decision before us here:  the district court's denial of Aleris's motion to reopen its case.  We have jurisdiction to review that decision, which means—in this case, as in any other—that we have jurisdiction to review the district court's reasoning in support of it.  Our duty to exercise that jurisdiction is the same as the district courts' duty to exercise theirs, *Quackenbush*, 517 U.S. at 716; and thus we proceed to review both grounds on which the district court refused to reopen this case.

B.

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  *Quackenbush*, 517 U.S. at 716.  Abstention is an "extraordinary and narrow exception" to that duty.  *Colorado River*, 424 U.S. at 813

(internal quotation marks omitted).  Only the "clearest of justifications" will support abstention.   *Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711, 715 (6th Cir. 2002).

As noted above, the district court cited two grounds for its refusal to adjudicate Behr's counterclaim.  The first and primary ground was *Colorado River* abstention.  We review de novo the court's decision to abstain on that ground.  *Id.*

Although the district court explained at some length its refusal to abstain from Aleris's claims on *Colorado River* grounds, its explanation of its decision to abstain from Behr's counterclaim was brief.  In essence, as noted above, the court said that Behr's counterclaim was "part and parcel" of the state court case and that the counterclaim was "better litigated" there. The Supreme Court has repeatedly held, however, that the mere pendency of a state-court case concerning the same subject matter as a federal case is not reason enough to abstain.   *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).  The mere pendency of Behr's state-court case was the only basis for *Colorado River* abstention that the district court offered here; and that basis is therefore invalid.  Moreover, the court's decision to abstain from one half of the parties' dispute only encourages piecemeal federal and state litigation—embodied here by the partial judgment.  That is a good reason for the court not to abstain. *See Colorado River*, 424 U.S. at 818.  Nor does it generally seem a good idea to stay federal litigation in favor of state litigation that is itself already stayed. Finally, the various other *Colorado River* factors do not provide the "clearest of justifications" necessary to support abstention here—as the district court made clear in explaining its reasons *not* to abstain from adjudication of Aleris's claim. *Rouse*, 300 F.3d at 715.  In this case, instead those factors are merely the judicial analogue to what mariners call "light and variable winds."

The court's second ground for refusing to adjudicate Behr's counterclaim, as noted above, was international abstention.  This sort of abstention is a discretionary, judge-made doctrine that "has never been well-defined." *JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V.*, 412 F.3d 418, 423 (2d Cir. 2005).  At the doctrine's core, however, is the idea that federal courts should pause before acting

contrary to the legislative, executive, or judicial acts of another nation. *Chavez v. Carranza*, 559 F.3d 486, 495 (6th Cir. 2009).

Here, the district court thought that adjudication of Behr's counterclaim would be contrary to the suspension notice that RSM (again, the Canadian bankruptcy trustee) delivered to the Michigan state court. But the trustee notably did not serve the same notice upon the district court; and indeed the two cases are not similarly situated for purposes of the Canadian bankruptcy. The state-court case is one in which Behr seeks affirmative recovery against Aleris. In the federal case, however, Behr's claim for its cover costs would merely be a setoff against the $2.6 million that the district court has already determined that Behr owes Aleris. Thus, adjudication of Behr's counterclaim—or, more precisely, its setoff defense—would not involve any recourse against the assets of the bankrupt estate. Instead, to the extent the value of Behr's claim is less than $1.5 million, adjudication of Behr's claim would only cause *additional* funds to flow to the bankrupt estate, by requiring Behr to pay whatever monies it still owes to Aleris. That is presumably why Aleris has resolutely supported, and Behr has opposed, adjudication of Behr's own counterclaim. Unlike the state court's decision to abstain from adjudicating Behr's claim for affirmative recovery, therefore, the district court's decision to abstain from adjudicating Behr's setoff defense here only frustrates the interests of international comity—by denying the Canadian estate monies to which it might well be entitled. International comity is therefore a reason for the district court to adjudicate the issue of Behr's cover costs, not a reason to abstain from it.

\*     \*     \*

The district court's September 26, 2012 Order is reversed, and the case remanded for adjudication of Behr's setoff defense.